IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WAYNE D. PERRY, #129097 | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 12-00231-CG-C |
| GRANTT CULLIVER, *et al.*, | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983.  His action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. Nature of Proceedings.

In the Complaint before the Court, Plaintiff identifies as Defendants Grantt Culliver, Alabama Department of Corrections, Donny Myers, Nicholi Tessema, Delano Benjamin, Robert Barnes, Bridgett Wilson, Charlene Gandy, Prison Health Services, Correctional Medical Services and Corizen Health Services. (Doc. 15 at 19-21).  The claims against these Defendants surround Plaintiff's belief that he has suffered in the past, and continues to suffer from the medical condition "pubic lice," referred to by

Plaintiff as "crabs," dating back to the year 2004.  (*Id.* at 21).  Plaintiff specifically complains of feeling "crabs crawling in and around his rectum" in 2005, and in 2009, Plaintiff claims that flies began swarming him as a result of the alleged untreated pubic lice condition.  (*Id.* at 23-25).  Plaintiff complains that a dark spot developed around his neck as a result of the scratching of his rectum during the night.  (*Id.* at 25).  However, Plaintiff claims that Defendants considered him "delusional" as a result of his complaints, and refused to properly treat him.  (*Id.* at 26).  Plaintiff does acknowledge that he was given hydrocortisone cream, and administered blood tests to no avail.  (*Id.* at 26-28). Plaintiff was advised that his tests revealed no evidence of pubic lice.  (*Id.* at 30). Plaintiff  now believes he has been falsely advised of the test results.  (*Id.* at 31).  Plaintiff claims that on November 30, 2011, he received his test results from the Atmore Community Hospital, which, according to Plaintiff, indicate that he had "ammonia" and "venous" in his system.  (*Id.*).  It appears from Plaintiff's Complaint that he believes this to be proof that he did in fact have crabs in his rectum when his blood tests were taken in 2009.  (*Id.* at 32-33).

The present action was received by the Court on April 2, 2012.  (Doc. 15).[1] Previously plaintiff had filed on the Court's docket, *Perry v. Culliver, et al.*, CA 09-00001-CB-C (S.D. Ala. Apr. 5, 2010) (summary judgment was granted for Defendants

---

[1] Plaintiff originally filed this Complaint in the Circuit Court of Montgomery, Alabama. (Doc. 15).  Defendants properly removed the Complaint to the United States District Court for the Middle District of Alabama, which in turn transferred the case to this Court.  (Doc. 15 at 233-236).

Grantt Culliver, Delano Benjamin, Bridget Wilson, and Charlene Gandy on claims based on the alleged failure to treat pubic lice or "crabs").

II. Analysis.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  When an application is filed, the statute allows a district court to review an action and dismiss it "at any time if the court determines that … the action or appeal … is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action 'arising from the same series of events and alleging many of the same facts as an earlier suit.'" *Buckenberger v. Reed*, 2010 WL 1552672, *1 (E.D. La. Mar. 16, 2010) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).  Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e).  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *Allen v. Birtley*, 2008 WL 808064 (M.D. Ala. Mar. 21, 2008).

The present action is based on Plaintiff's complaints of pubic lice which were ongoing from 2004 until the present.  The claims arising from Plaintiff's beliefs that he did not receive adequate medical treatment were litigated and disposed of on the merits against a number of the present defendants, in *Perry v. Culliver, et al.*, CA 09-00001-CB-

3

C (S.D. Ala. Apr. 5, 2010).[2]  No constitutional violation was found to have occurred based upon these exact allegations in Plaintiff's prior action in this Court.  *Perry v. Culliver, et al.*, CA 09-00001-CB-C (S.D. Ala. Apr. 5, 2010).[3]   The only additional allegation made by Plaintiff at present appears to be that he was allegedly not properly advised of the results of his blood tests taken in 2009.  Plaintiff believes that his blood tests reveal that he suffered from crabs, and that he was not properly advised by Defendants of this problem in 2009.  (Doc. 15 at 33).  Even assuming this to be true, Plaintiff has not raised a new allegation of constitutional magnitude.   Thus, there are no new allegations of constitutional violations against any of the Defendants in this action.  An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new Defendants, is subject to dismissal as duplicative and malicious.  *See Bailey*, 846 F.2d at 1021.

    Accordingly, the Court finds that this action is duplicative of Plaintiff's other action based on the claims related to Plaintiff's health condition and is thus a malicious filing under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] "Courts have held that, for the purpose of determining repetitive suits, different parties can be substantially similar." *Allen v. Birtley*, 2008 WL 808064, at *2 n.1 (M.D. Ala. Mar. 21, 2008) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("despite the fact that different defendants were named, the 'complaint repeat[ed] the same factual allegations' asserted in the earlier case and was, therefore, correctly dismissed.")).

[3] In Plaintiff's previous action before this Court, it was determined that Plaintiff had received medical treatment for his claimed condition of crabs, although there was never any proof that Plaintiff actually suffered from this condition.  *See Perry v. Culliver, et al.*, CA 09-00001-CB-C (S.D. Ala. Apr. 5, 2010).

III.  Conclusion.

Based upon the foregoing reasons it is recommended that this action be dismissed with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 23rd day of April, 2012.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.